David L. Mazaroli
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|   |   |
|---|---|
|  : | ECF CASE |
| BASLER SECURITAS VERSICHERUNGS-AKTIENGESELLSCHAFT; SADER-DIERS & VON ETZDORF;  : | |
|   | 10 Civ. 237 (RJH) |
|  : | |
| Plaintiffs,  | **COMPLAINT** |
|  : | |
| - against -  | |
|  : | |
| MEDITERRANEAN SHIPPING COMPANY S.A; *in personam;* M/V "MSC AMSTERDAM", her engines, tackle, boilers, etc., *in rem.;*  : | |
|  : | |
| Defendants.  | |
|  : | |

-----------------------------------------------------------------x

Plaintiffs, through their undersigned attorney, allege as follows for their complaint against defendants upon information and belief:

### FIRST CAUSE OF ACTION

1.  This action involves admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court also has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, including with respect to any federal statutes or federal common law applicable to the interstate land carriage of the shipment, as well as pendent, ancillary and supplemental jurisdiction as to certain aspects

of the claim. Plaintiffs seek recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

2. Plaintiff Basler Securitas Versicherungs-Aktiengesellschaft ("Basler") is a corporation organized under the laws of a foreign sovereign and sues herein as the subrogated insurer of the shipment in suit, having paid the insurance claim of the shipper, consignee and/or owner of the subject cargo and/or the holder of the subject bill of lading. Plaintiff Sader-Diers & von Etzdorf is an underwriting agent which at all material times acted for and on behalf of the Basler. Plaintiffs sue herein as subrogees and/or assignees of the shipper, consignee and/or owner of the subject cargo and/or the holder of the subject bill of lading, and for and on behalf of the shipper, consignee, owner, and coinsurances of the cargo, and the holders of the subject bill of lading.

3. Defendant Mediterranean Shipping Company S.A. ("MSC") is believed to be a corporation organized under the laws of a foreign sovereign, and was at all material times engaged in the business of a common carrier of cargo for hire. This Court has personal jurisdiction over said defendant based on its business activities and contacts in and with the State of New York. In addition the bill of lading issued by or on behalf of MSC provides for resolution of disputes in the United States District Court for the Southern District of New York.

4. The M/V "MSC AMSTERDAM" was at all material times engaged in the common carriage of cargo by water for hire, including shipments to and from the United States, and was during the voyage in suit owned, operated, chartered and/or managed by the defendant. Said vessel is now or reportedly will be within the jurisdiction of this Honorable Court during the pendency of this action.

5. This action involves damage and loss to a shipment of 5,200 cartons of persimmons moving or intended to move in reefer container MSCU748193-8 from Cape Town, South Africa, to Toronto, Canada, by way of the Port of New York, aboard the M/V "MSC AMSTERDAM", Voyage N565, as described more fully in Mediterranean Shipping Company S.A. bill of lading MSCUCV150382 dated on or about April 15, 2008, and others. (Booking Nos.: C843013/C843063)

6. The aforementioned cargo was delivered in good order and condition to MSC at the place of receipt and to the vessel at the port of loading on or about April 15, 2008. MSC failed to deliver the cargo to the agreed destination in the same good order and condition. Instead, at the time of delivery the cargo was in damaged and depreciated condition and was otherwise unfit for intended usage.

7. The damage was caused by the unseaworthiness of the carrying vessel and container and by MSC's deviations from, and fundamental breaches of, the contract of carriage and/or bailment, and its reckless failure to properly and timely load, stow, carry, refrigerate, discharge and care for the cargo during the subject transportation.

8. As a result of the aforesaid, MSC, as common carrier, warehouseman and/or bailee, is liable to plaintiffs for the resulting damages in the amount of $32,432.95, no part which has been paid although duly demanded.

9. Plaintiffs sue herein on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire and interest in this action.

## SECOND CAUSE OF ACTION

10. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 9 of this Complaint.

11. The damage to the cargo in suit was caused in whole or in part by MSC's failure to provide contracted-for specialized accessorial services, including temperature-controlled care during all periods of custody and carriage.

12. As a result of the aforesaid each, defendants are liable to plaintiffs for the damages claimed in Paragraph 8.

WHEREFORE, plaintiffs demand judgment against defendants Mediterranean Shipping Company S.A and the M/V "MSC AMSTERDAM" in the amount of $32,432.95 plus prejudgment interest at the rate of 9% per annum together with the costs of this action and pray that this Honorable Court issue its process against the aforesaid vessel in rem. Plaintiffs also request such other and further relief as warranted by justice.

Dated:  New York, New York
         January 12, 2010

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____
David L. Mazaroli
Attorney for Plaintiffs
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 9XGCS-1931